| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| AARON E. DE LEEST (State Bar No. 216832)<br>adeleest@dgdk.com<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067<br>Telephone (310) 277-0077<br>Facsimile (310) 277-5735<br><br>☐ Individual *appearing without an attorney*<br>☒ Attorney for: Jeffrey I. Golden, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re: | CASE NO.: 8:18-bk-10548-ES |
|---|---|
| LENORE LUANN ALBERT-SHERIDAN, | CHAPTER: 7 |
| | **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (*title of motion*[1]): DEBTOR'S MOTION FOR STAY PENDING APPEAL |
| Debtor(s) | |

PLEASE TAKE NOTE that the order titled ORDER DENYING DEBTOR'S MOTION FOR STAY PENDING APPEAL

was lodged on (*date*) 09/24/2019 and is attached. This order relates to the motion which is docket number 567.

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012        Page 1        F 9021-1.2.BK.NOTICE.LODGMENT

EXHIBIT A

```
 1  ERIC P. ISRAEL (State Bar No. 132426)
    eisrael@dgdk.com
 2  AARON E. DE LEEST (State Bar No. 216832)
    adeleest@dgdk.com
 3  DANNING, GILL, DIAMOND & KOLLITZ, LLP
    1901 Avenue of the Stars, Suite 450
 4  Los Angeles, California  90067
    Telephone:   (310) 277-0077
 5  Facsimile:   (310) 277-5735

 6  Attorneys for Jeffrey I. Golden,
    Chapter 7 Trustee
 7
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>LENORE LUANN ALBERT-SHERIDAN,<br><br>                Debtor. | Case No. 8:18-bk-10548-ES<br><br>Chapter 7<br><br>**ORDER DENYING DEBTOR'S MOTION FOR STAY PENDING APPEAL**<br><br>Date:    September 5, 2019<br>Time:   10:30 a.m.<br>Place:  Courtroom 5A<br>          411 W. Fourth Street<br>          Santa Ana, California 92701 |

On September 5, 2019, at 10:30 a.m., the Court heard and considered the *Debtor's Motion for Stay Pending Appeal* (the "Motion") (*docket no. 567*), filed by Lenore LuAnn Albert-Sheridan (the "Debtor"), the Honorable Erithe A. Smith, United States Bankruptcy Judge, presiding.  Aaron E. de Leest of Danning, Gill, Diamond and Kollitz, LLP, appeared for Jeffrey I. Golden, the Chapter 7 trustee (the "Trustee").  The Debtor appeared in pro se.  There were no other appearances.

The Court having read and considered the Motion, the Trustee's opposition to the Motion (*docket no. 571*), and the Debtor's reply (*docket no. 572*), having heard the statements of the Trustee's counsel and the Debtor at the hearing, having found that notice of the Motion was

///

EXHIBIT A

1  adequate and proper, for the reasons set forth by the Court on the record at the hearing, and in the

2  Court's tentative ruling attached hereto, and good cause appearing, it is hereby

3  **ORDERED THAT:**

4  1. The Motion is denied in its entirety.

###

1560937.1  26843

2

# United States Bankruptcy Court
## Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

---

**Thursday, September 5, 2019**　　　　　　　　　　　　　　　　**Hearing Room　　5A**

---

**10:30 AM**
**8:18-10548**　　Lenore LuAnn Albert-Sheridan　　　　　　　　　　　　　　**Chapter 7**

　　#11.00　　Hearing RE: Debtor's Motion For Stay Pending Appeal

　　　　　　　　　　　　Docket　　　567

**Courtroom Deputy:**

　- NONE LISTED -

**Tentative Ruling:**

**September 5, 2019**

Deny motion in its entirety.

<u>Basis for Tentative Ruling</u>:

An appellant seeking a discretionary stay pending appeal under Bankruptcy Rule 8005 must prove: (1) appellant is likely to succeed on the merits of the appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm will come to appellee; and (4) the stay will do no harm to the public interest." *Universal Life Church v. United States,* 191 B.R. 433, 444 (E.D.Cal.1995), citations omitted. "The party moving for a stay has the burden on each of these elements." In re Shenandoah Realty Partners, L.P., 248 B.R. 505, 510 (W.D.Va.2000). Movant's failure to satisfy one prong of the standard for granting a stay pending appeal dooms the motion. *In re Irwin*, 338 B.R. 839 (E.D. Cal. 2006); *In re Deep*, 288 B.R. 27, 30 (N.D.N.Y.2003)

Even when a movant makes a colorable showing under each of those four factors, however, the decision to stay an order pending appeal is "an exercise of judicial discretion." *Niken v. Holder*, 556 U.S. 418, 433 (2009)

　　A. <u>Settlement Order Dated Dec. 27, 2018 ("Settlement Order")</u>

　　　　1. <u>Likelihood of Success on the Merits</u>

　　　　Debtor argues that this court's approval of the settlement agreement

---

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

Thursday, September 5, 2019                                       Hearing Room        5A

10:30 AM
CONT...    Lenore LuAnn Albert-Sheridan                                    Chapter 7
between the chapter 7 trustee ("Trustee") and Ford was in error because the settlement included the compromise of certain prepetition personal tort claims (intentional infliction of emotional distress) that are not assignable under California law.  Stated otherwise, Debtor contends that because of the personal nature of the tort claims, the Trustee had no authority to settle the claims with Ford and this court had no authority to approve the settlement. Debtor cites the court to a number of California court cases in support thereof.  However, as a matter of bankruptcy law, personal injury claims, including emotional distress claims are property of the bankruptcy estate under 11 U.S.C. Section 541, irrespective of any state anti-assignment laws. See, *Sierra Switchboard Co. v. Westinghouse Elec. Corp..,* 789 F.2d 705, 707-709 (9th Cir. 1986) ("a debtor's pre-petition emotional distress claim is property of the bankruptcy estate under 11 U.S.C. § 541 regardless of state law"); *Bronner v. Gill,* 135 B.R. 645, 747 (9th Cir. BAP 1992); *Karlins v. Hotel Ramada of Nevada,* 138 Fed.Appx. 9 (unpub. 9th Cir. 2005) (recognized long-standing precedent that a debtor's tort claim is an asset of bankruptcy estate, and thus has to be pursued, if at all, by the bankruptcy trustee).

Even California state courts have recognized this truism.  See, *Office of Statewide Health Planning and Development v. Musick, Peeler & Garrett,* 76 Cal.App.4th 830, 834 (1999):

"Under federal law, all legal and equitable interests of the debtor become part of the bankruptcy estate. (11 U.S.C. § 541; *Baum v. Duckor, Spradling & Metzger* (1999) 72 Cal.App.4th 54, 69–70, 84 Cal.Rptr.2d 703; *Sierra Switchboard Co. v. Westinghouse Elec. Corp.* (9th Cir.1986) 789 F.2d 705–709.) It follows that even claims that are not assignable under state law transfer to the bankruptcy estate. (*Baum v. Duckor, Spradling & Metzger, supra,* 72 Cal.App.4th 54, 69, 84 Cal.Rptr.2d 703.) Once the claim becomes part of the bankruptcy estate, the trustee is authorized to prosecute it and to hire agents to do so on the trustee's behalf."

To the extent that *Baum v. Duckor* holds that tort claims are property of the estate but may not be administered by a bankruptcy trustee, the court rejects such a holding as contrary to statutory bankruptcy law.  Section 704(a)(1) expressly provides that a trustee <u>shall</u> "collect and reduce to money the *property of the estate* for which such trustee serves . . . ." (emphasis added).

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Judge Erithe Smith, Presiding**
**Courtroom 5A Calendar**

---

**Thursday, September 5, 2019**                                                                 **Hearing Room    5A**

10:30 AM
**CONT...**      **Lenore LuAnn Albert-Sheridan**                                                              **Chapter 7**

Here, the Trustee clearly exercised his Code authorized duty to administer and liquidate assets of the estate. This court is not aware of any reported or unreported decision in this Circuit ruling that an emotional distress claim cannot be prosecuted and settled by a chapter 7 trustee. Notably, the subject settlement agreement itself does not provide for an "assignment" of the tort claims but rather for the dismissal of the cross-complaint, which is well within his authority to do. In sum, likelihood of success on appeal has not been established by Debtor and, on that basis alone the motion cannot be granted as to the Settlement Order.

2. Irreparable Injury

Debtor has not presented any substantive argument or facts indicating she will suffer irreparable injury if a stay is not granted. The court notes that the settlement proceeds currently being held by the Trustee cannot be distributed without an order of this court on notice to creditors *and* Debtor. The failure to satisfy this prong alone warrants denial of the motion as to the Settlement Order.

3. Substantial Harm to the Trustee

The only potential harm to the Trustee if a stay is imposed would be to prevent the Trustee from seeking to pay administrative expenses of the estate from the settlement proceeds during the pendency of the appeal. The court does not consider this to be a "substantial" harm. However, as Debtor has not satisfied the first and second prongs, the lack of substantial harm to the Trustee is effectively irrelevant.

4. Harm to the Public Interest

The court perceives of no harm to the public interest if a stay were imposed. However, as Debtor has not satisfied the first and second prongs, the lack of substantial harm to the public interest is effectively irrelevant.

B. Exemption Order Entered December 27, 2018 ("Exemption Order")

---

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

Thursday, September 5, 2019                                                                 Hearing Room    5A

10:30 AM
CONT...        Lenore LuAnn Albert-Sheridan                                                 Chapter 7

1. Likelihood of Success on Appeal

Debtor has not established that success on appeal is likely. First, she misunderstands the effect of this court's May 18, 2018 Order sustaining Ford's objection to her exemption claim that was made during the pendency of the chapter 13 (before conversion to chapter 7). The May 18 Order was final when entered. A bankruptcy court's order denying a claim of exemption is a final, appealable order. *Preblich v. Battley*, 181 F.3d 1048, 1055–56 (9th Cir.1999). Second, the court did not intend that the order be anything other than final as to Ford's exemption objection. In the excerpt of the transcript of the May 3, 2018 hearing, this court merely recognized Debtor's right to amend the exemption at a later date -- a right every debtor, with some exceptions, has under FRBP 1007. Importantly, after recognizing that right to amend, the court also added that if an amended exemption was filed, the court would "deal with any *objections that follow*." (emphasis added. Motion at p. 3. FRBP Rule 4003(b)(1) allows for the filing of an objection to any amendment within 30 days after the amendment is filed. Accordingly, the doctrines of *res judicata* and collateral estoppel do not apply. Third, Debtor did not file a timely opposition to the Trustee's objection to her amended exemption.

In sum, likelihood of success on appeal has not been established by Debtor and, on that basis alone the motion cannot be granted as to the Exemption Order.

2. Irreparable Injury

Debtor has not presented any substantive argument or facts indicating she will suffer irreparable injury if a stay is not granted. The court notes that the settlement proceeds currently being held by the Trustee cannot be distributed without an order of this court on notice to creditors *and* Debtor. The failure to satisfy this prong alone warrants denial of the motion as to the Exemption Order.

3. Substantial Harm to the Trustee

The only potential harm to the Trustee if a stay is imposed would be to

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

Thursday, September 5, 2019        Hearing Room    5A

10:30 AM
CONT...    Lenore LuAnn Albert-Sheridan        Chapter 7

prevent the Trustee from seeking to pay administrative expenses of the estate from the settlement proceeds during the pendency of the appeal. The court does not consider this to be a "substantial" harm. However, as Debtor has not satisfied the first and second prongs, the lack of substantial harm to the Trustee is effectively irrelevant.

     4. Harm to the Public Interest

The court perceives of no harm to the public interest if a stay were imposed. However, as Debtor has not satisfied the first and second prongs, the lack of substantial harm to the public interest is effectively irrelevant.

C. Equitable Mootness

As Debtor has not met all of the requirements for the imposition of a stay pending appeal based on the court's analysis above, the court need not decide the issue of equitable mootness. Should Debtor seeks a stay from the BAP, the issue will be determined by the BAP.

| Party Information |
|---|

**Debtor(s):**

Lenore LuAnn Albert-Sheridan      Pro Se

**Trustee(s):**

Jeffrey I Golden (TR)      Represented By
            Jonathan A Michaels
            Eric P Israel
            Aaron E de Leest

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE: DEBTOR'S MOTION FOR STAY PENDING APPEAL will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 24, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On September 24, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Lenore LuAnn Albert-Sheridan
14272 Hoover St #69
Westminster, CA 92683-4322

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 24, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA PERSONAL DELIVERY BY ALSSI ON SEPTEMBER 25, 2019
Honorable Erithe Smith
U.S. Bankruptcy Court
411 W. Fourth Street, Bin by 5th floor elevators
Santa Ana, CA 92701

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 24, 2019 | Beverly Lew | _/s/ Beverly Lew_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                        F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Arthur Carvalho, Jr on behalf of Defendant Art Carvalho    acarvalho@lhcllp.com, acjesq@gmail.com

Arthur Carvalho, Jr on behalf of Defendant Irwin Tessler    acarvalho@lhcllp.com, acjesq@gmail.com

Arthur Carvalho, Jr on behalf of Defendant Michael Tessler
acarvalho@lhcllp.com, acjesq@gmail.com

Vikrant Chaudhry on behalf of Defendant Jason Hartman    vik@thevclawgroup.com

Donald H Cram, III on behalf of Creditor Ford Motor Credit Company LLC
dhc@severson.com, cas@severson.com

Donald K Dunn on behalf of Defendant Neal Kelley
kevin.dunn@coco.ocgov.com, simon.perng@coco.ocgov.com

Robert S Gebhard on behalf of Defendant Icon Owner Pool 1, LA Business Parks, LLC
robert.gebhard@clydeco.us, trish.marwedel@clydeco.us;gloria.zwibel@clydeco.us

Robert S Gebhard on behalf of Interested Party Icon Owner Pool 1, LA Business Parks LLC
robert.gebhard@clydeco.us, trish.marwedel@clydeco.us;gloria.zwibel@clydeco.us

Nichole Glowin on behalf of Creditor Westminster Mobilehome Park, its successors and/or assigns
nglowin@wrightlegal.net, BKUDGeneralupdates@wrightlegal.net

Jeffrey I Golden (TR)    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com

Suzanne C Grandt on behalf of Creditor The State Bar of California
suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov

Suzanne C Grandt on behalf of Defendant State Bar Of California
suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov

Suzanne C Grandt on behalf of Defendant Alex Hackert
suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov

Suzanne C Grandt on behalf of Defendant Brandon Tady
suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov

Suzanne C Grandt on behalf of Defendant Maricruz Farfan
suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov

Suzanne C Grandt on behalf of Defendant Paul Bernardino
suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov

Suzanne C Grandt on behalf of Defendant Yvette Roland, Hon.
suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov

Richard G Heston on behalf of Interested Party Courtesy NEF
rheston@hestonlaw.com,
yflores@hestonlaw.com,docs@hestonlaw.com,assistant@hestonlaw.com;hestonbr41032@notify.bestcase.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          F 9013-3.1.PROOF.SERVICE

Eric P Israel on behalf of Attorney Danning, Gill, Diamond & Kollitz, LLP
eisrael@dgdk.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Interested Party Courtesy NEF
eisrael@dgdk.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@dgdk.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Bernard J Kornberg on behalf of Creditor Ford Motor Credit Company LLC
bjk@severson.com, elw@severson.com

Jonathan A Michaels on behalf of Trustee Jeffrey I Golden (TR)
jmichaels@mlgaplc.com, rjones@mlgaplc.com

Curtis D Parvin on behalf of Defendant Icon Owner Pool 1, LA Business Parks, LLC
curtis.parvin@clydeco.us, gloria.zwibel@clydeco.us

Curtis D Parvin on behalf of Interested Party Icon Owner Pool 1, LA Business Parks LLC
curtis.parvin@clydeco.us, gloria.zwibel@clydeco.us

Christopher O Rivas on behalf of Creditor BANK OF AMERICA, N.A.
crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com

Christopher O Rivas on behalf of Creditor Reed Smith
crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com

Scott A Schiff on behalf of Creditor Educational Credit Management Corporation
sas@soukup-schiff.com

Scott A Schiff on behalf of Creditor Pennsylvania Higher Education Assistance Agency
sas@soukup-schiff.com

Scott A Schiff on behalf of Defendant Education Credit Management Corporation
sas@soukup-schiff.com

Marc A Shapp on behalf of Creditor The State Bar of California
marc.shapp@calbar.ca.gov, joan.randolph@calbar.ca.gov

Najah J Shariff on behalf of Defendant UNITED STATES OF AMERICA on behalf of the INTERNAL REVENUE SERVICE
najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov

United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

Aaron E de Leest on behalf of Interested Party Courtesy NEF
aed@dgdk.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Aaron E de Leest on behalf of Trustee Jeffrey I Golden (TR)
aed@dgdk.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                  **F 9013-3.1.PROOF.SERVICE**